IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **KARINA TORRES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | EP-13-CV-187-KC |
| | § | |
| **HOBBY LOBBY STORES, INC. and** | § | |
| **TOM ARENAS,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

On this day, the Court considered Plaintiff Karina Torres's Motion to Remand, ECF No. 10, and Motion to Stay Pending Court's Ruling on Plaintiff's Motion to Remand, ECF No. 11. For the reasons set forth below, the Motion to Remand is **DENIED** and the Motion to Stay is **DENIED** as moot.

I.   **BACKGROUND**

On February 27, 2013, Karina Torres ("Plaintiff") filed an Original Petition ("Petition") against Hobby Lobby Stores, Inc. ("Hobby Lobby") and Tom Arenas ("Arenas") (collectively "Defendants") in County Court No. 6 of El Paso County, Texas (the "State Court") in the above-captioned case (the "Case"). Def's Notice of Removal ¶ 1 ("Notice of Removal"), ECF No. 1; Pet. §§ I-VII, ECF No. 1.[1] Plaintiff alleged that she suffered personal injuries in a slip-and-fall at a Hobby Lobby store in El Paso, Texas at which Arenas was the manager, and asserted premises

---

[1] Defendants included the Petition in the same document as their electronically filed Notice of Removal. The paragraph and section references in this Order are to the underlying documents within that single submission.

1

liability causes of action against both Defendants. Notice of Removal ¶ 2; Pet. § III. Plaintiff did not allege a specific amount of damages. Instead, she alleged that she "suffered damages in an amount within the jurisdictional limits of this court [the State Court]" due to her continuing medical expenses, inability to perform household duties, loss of earning capacity, and physical and mental pain and suffering. Pet. § IV. She further alleged that she was entitled to punitive damages. *Id.* § V. Each Defendant answered individually and filed special exceptions on April 2, 2013. Notice of Removal ¶ 4, Exs. B-C.

On June 5, 2013, Defendants filed the Notice of Removal. Defendants averred that the Case was not initially removable because Plaintiff did not specify the amount of damages she sought, but that it became removable on May 23, 2013, when Plaintiff, in a response to a request for admission, stated that she was seeking damages in excess of $75,000. *Id.* ¶¶ 6-7. Plaintiff now moves to remand. She argues that the Case was removable by April 2, 2013, and that Defendants' thirty-day window in which to remove the Case therefore expired before they filed the Notice of Removal. Mot. to Remand ¶¶ 18, 27. Defendants have filed a Response to the Motion to Remand ("Response"), ECF No. 12, and Plaintiff has filed a Reply in support of the Motion to Remand ("Reply"), ECF No 14.

II. **DISCUSSION**

    A. **Standard**

A federal court has subject matter jurisdiction based on diversity of citizenship "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). A defendant may remove a case to the federal district court in the division embracing the place where such action is pending in state court if the district court has original jurisdiction over the matter and the removal

procedure has been properly followed. 28 U.S.C. § 1441. The timing of removal is governed by 28 U.S.C. § 1446(b). It reads in pertinent part:

> **(1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> . . . .
> **(3)** Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

"Restated, if the initial pleading sets forth a claim that triggers the removal clock, the defendant must file notice of removal within thirty days of receiving it. If the initial pleading did not trigger the thirty-day removal clock, a notice of removal must be filed within thirty days of the defendant's receipt of a document from which it may ascertain that the case is, or has become, removable." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397-98 (5th Cir. 2013). The initial pleading triggers the thirty-day removal period when it "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Id.* at 399 (emphasis removed) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)). "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id.* at 397 (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "The district court is required to remand a case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction over the case." *Muniz v. El Paso Marriott*, No. EP-09-CV-274-KC, 2009 WL

4878619, at *2 (W.D. Tex. Dec 8, 2009) (citing 28 U.S.C. § 1447(c)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey*, 719 F. 3d at 397; *see also Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).

### B.   Analysis

Plaintiff and Defendants agree that the parties are completely diverse and that the amount in controversy exceeds $75,000. Notice of Removal ¶¶ 16-18; Mot. to Remand ¶¶ 18-20. They dispute only one point: whether the Petition triggered the thirty-day removal period outlined in 28 U.S.C. 1446(b)(1), and by extension, whether removal was timely. Plaintiff additionally contends in her Reply that, to the extent *Mumfrey's* holding appears to resolve the timeliness dispute in Defendants' favor, it should not be given "retroactive effect" because it was not decided until after the time at which Plaintiff contends the thirty-day removal period expired. Reply ¶¶ 3-5.

#### 1.   Trigger for thirty-day removal window

Plaintiff argues that, although the record is not clear as to when Defendants were served with the Petition, they were certainly "in receipt of" it by April 2, 2013, when they appeared and filed answers in the State Court. Mot. to Remand ¶ 5. If the Case was removable at that point, the thirty-day removal period expired before Defendants filed the Notice of Removal on June 5, 2013. Plaintiff argues that numerous cases support the proposition that "a petition need not state an exact dollar amount for the removal clock to start ticking [;]. . . the jurisdictional amount in controversy is 'facially apparent' from a petition when the allegations show on their face that it is more likely than not that the amount in controversy exceeds $75,000." *Id.* ¶ 17. She further argues that the types of damages she alleged in the Petition have been held to make it "facially

apparent" that the amount in controversy exceeded $75,000. *Id*. ¶¶ 20-24. In sum, Plaintiff argues that the case stated by the Petition was removable, that the Notice of Removal was untimely, and that remand is required.

Defendants argue that *Mumfrey* – which was decided on June 10, 2013, nineteen days before Plaintiff filed the Motion to Remand, and which Plaintiff does not address in the Motion to Remand – is dispositive. They argue that *Mumfrey* demonstrates both that the cases Plaintiff relies on are inapposite and that the Notice of Removal was timely. As *Mumfrey* extensively discussed the very question at issue here, the Court addresses it below.

In *Mumfrey*, the Fifth Circuit explained that there are two main ways in which a plaintiff can dispute the timing of removal. *Mumfrey*, 719 F.3d at 398. The first type of dispute occurs when the defendant removes a case within thirty days of receiving the initial pleadings. *Id*. In these "amount disputes" the plaintiff argues that remand is required because the amount in controversy is not met. *Id*. The other type of dispute occurs when the defendant does not remove within thirty days of receiving the initial pleading, but instead removes within thirty days of receiving an amended pleading or "other paper." *Id*. In these "timeliness disputes" the plaintiff argues that it was clear from the initial pleadings that the amount in controversy requirement was met, and that the defendant has thus missed the deadline to remove. *Id*.

*Mumfrey* clarified a confusing line of jurisprudence in this Circuit regarding the trigger for the initial thirty-day removal period that is at issue in timeliness disputes. *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992), laid out a **"bright-line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the receipt of the defendant's initial pleading, to place in the initial pleading a *specific allegation that damages are in excess of the federal jurisdictional amount*."** *Mumfrey*, 719 F.3d at 399 (citing *Chapman*, 969

5

F.2d at 163) (bold and italics in *Mumfrey*). In *Bosky v. Kroger Texas, LP*, 288 F.3d 208 (5th Cir. 2002), the court addressed in dicta the triggering of the thirty-day removal clock. *Id*. at 209-11. After reiterating *Chapman's* "bright line rule," the *Bosky* court stated, in a line that "has become the source of significant confusion," *Mumfrey,* 719 F.3d at 400, "we have since held that specific damage estimates that are less than the minimum jurisdictional amount, when combined with other unspecified damage claims, can provide sufficient notice that an action is removable so as to *trigger the time limit for filing a notice of removal.*" *Id*. (citing *Bosky*, 288 F.3d at 210). However, as *Mumfrey* explains, the statement beginning "we have since held" was "incorrect," as neither case *Bosky* cited for that proposition "considered what triggers the thirty-day window." *Id*.

 Some district courts, this Court among them, have applied that statement in *Bosky* to their analyses of timeliness disputes. *See, e.g., Salomon v. Wells Fargo Bank, N.A*., No. EP-10-CV-106-KC, 2010 WL 2545593, at *3 (W.D. Tex. 2010) (Cardone, J.) (citing *Bosky*, 288 F. 3d at 210). As this Court noted in *Salomon*, "[t]here is a split among district courts in this circuit regarding the holding in *Chapman*." *Id* at *4 (citation omitted). "Some district courts have interpreted *Chapman* to mean that the thirty-day removal clock is triggered only when the plaintiff's initial pleading spells out, in as many words, that the federal jurisdictional limit has been reached." *Id*. (citation omitted). Other courts, however, ruled that "*Chapman* does not mandate rigid adherence to some kind of formalistic pleading requirement." *Id*. (internal quotes and citations omitted). Rather, these courts ruled that the *Chapman* "bright line rule" "merely requires that a state court complaint be sufficiently definite on its face to enable defendants to ascertain removability without reliance on speculation or conjecture." *Id*. For instance, the Court found in *Salomon* that "mere recitation of an extensive list of damages in an employment matter

may suffice to affirmatively reveal that the amount in controversy will likely exceed the jurisdictional minimum." *Id*.; *see also Apodaca v. Caddell Constr. Co., Inc*., No. 3:11-CV-00342-DB, ECF No. 9, at 4-5 (W.D. Tex. Oct. 31, 2011) (holding that initial pleading in premises liability action seeking "damages in nearly every category of conceivable damages" affirmatively revealed that amount in controversy requirement was met).

*Mumfrey* thus resolves the "confusion" engendered by *Bosky* and its progeny and the "split" referenced in *Salomon* by clarifying that "the rule remains that the thirty-day clock is not triggered unless the initial pleading affirmatively reveals on its face" that the plaintiff is seeking damages in excess of the jurisdictional amount. *Mumfrey*, 719 F.3d at 400 (internal quotes and citation omitted). The removal clock only starts if the pleading contains a "specific allegation that damages are in excess of the federal amount." *Id*. (quotation marks omitted).

*Mumfrey's* unequivocal holding leaves Plaintiff little room to argue that her initial pleading, which lacked a specific allegation that the federal amount in controversy requirement was met, made the Case removable. Indeed, Plaintiff concedes as much in her Reply. Plaintiff "apologizes to the Court and Defendants that he [sic] did not address" *Mumfrey* in the Motion to Remand, and makes no argument that *Mumfrey* would not control under the facts at hand. Reply ¶ 1. Thus, so long as *Mumfrey's* holding is applicable to the Case, the Notice of Removal was timely.

## 2. "Retroactive" applicability of *Mumfrey*

Plaintiff argues in her Reply that the Court should not give *Mumfrey* retroactive effect. *Id*.¶ 1. She first states that the significance of *Mumfrey* is not that it reaffirmed *Chapman's* "bright line," but that it "expressly disavowed" the dicta in *Bosky*. *Id*. ¶ 2. She then asserts that "during the entire thirty-day removal period" the cases cited in the Motion to Remand were

"controlling law." *Id.* ¶ 3. She finally notes that "where courts have overturned prior decisions (or established new rules), 'the Constitution neither prohibits nor requires retrospective effect' and the determination is a matter of judicial policy." *Id.* ¶ 4 (citing *Linkletter v. Walker*, 381 U.S. 618, 628-29 (1965)). She then argues that in light of the foregoing and the general principle that the Court should resolve doubts in favor of remand, the Court should not give *Mumfrey* "retroactive effect." *Id.* ¶ 5.

Plaintiff's premises are incorrect and her argument fails. The cases cited in the Motion to Remand indicating that an initial pleading like Plaintiff's may trigger the thirty-day clock were not "controlling law." Though they had not been overruled, they were not binding precedent; they existed in tension with the plain language of *Chapman* and the cases holding that such pleadings did not trigger the thirty-day clock. *See, e.g., Capturion Network, LLC v. Daktronics, Inc.*, No. 2:08-CV-232-KS, 2009 WL 1515026, at *3-7 (S.D. Miss. May 29, 2009) (discussing the competing interpretations of *Chapman*, collecting cases, and holding that a "specific allegation" of the amount in controversy was needed to trigger the removal clock). Had *Mumfrey* not been decided, the Court would still have needed to determine, based on the facts of the Case, whether the Petition "affirmatively reveal[ed] on its face" that the amount in controversy requirement was fulfilled. See *Chapman*, 969 F.2d at 163.

Along similar lines, *Mumfrey* did not "overturn [a] prior decision[] or establish[] [a] new rule[]." Reply ¶ 4. Rather, it clarified "confusion," *Mumfrey,* 719 F.3d at 400, and reaffirmed *Chapman's* "bright line rule," such that "*the rule remains* that the thirty-day clock is not triggered unless the initial pleading affirmatively reveals on its face" its removability. *Id*. (citation omitted) (emphasis added).

*Mumfrey* also makes clear that Plaintiff's reliance in the Motion to Remand on cases involving amount disputes is misplaced, as such cases are "inapposite" to the analysis of timeliness disputes.[2] *Id.* Her argument that the "jurisdictional amount in controversy is 'facially apparent,'" Mot. to Remand ¶ 18, is similarly off the mark, as "the 'facially apparent' inquiry is relevant only to 'amount dispute' cases." *Mumfrey*, 719 F.3d at 400. In other words, even had *Mumfrey* not been decided, much of the case law Plaintiff relies upon would not have been on point and hence would not have dictated remand.

Finally, the precedent Plaintiff cites in support of her argument against "retroactive application" of *Mumfrey* is wholly inapplicable to the Case. *Linkletter* was a constitutional criminal procedure case concerning whether the exclusionary rule articulated in *Mapp v. Ohio*, 367 U.S. 643 (1961), should be retroactively applied to criminal cases "finalized before the promulgation of the rule." *Id.* at 619-20, 628. *Linkletter* has no apparent bearing on whether a decision promulgated during the pendency of a civil case should be applied to that case. Similarly, Plaintiff cites *Teague v. Lane*, 489 U.S. 288 (1989), for the proposition that "constitutional rules of criminal procedure generally do not have retroactive effect to cases that become final before the decision is announced." Reply ¶ 5. Plaintiff does not explain how that proposition is relevant here beyond the bare statement that "although our case is not 'final,' the procedural thirty day rule *is* final, and *Mumfrey* was not issued until more than a month after Defendants' removal period expired." *Id.* The Court finds that argument unavailing.

In light of the above, the Court concludes that it is proper to apply the decision in *Mumfrey* to the Case, and that the Notice of Removal was therefore timely.

---

[2] Plaintiff concedes that most of those cases were inapposite amount disputes, not timeliness disputes. *See* Reply ¶ 3 ("a number of Plaintiff's cited cases were 'timeliness' cases, not just 'amount dispute' cases.").

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand, ECF No. 10, is **DENIED.** Plaintiff's Motion to Stay, ECF No. 11, is **DENIED** as moot.

**SO ORDERED.**

SIGNED this 31st  day of October, 2013.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE