`IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **KARINA TORRES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-13-CV-187-KC** |
| | § | |
| **HOBBY LOBBY STORES, INC., and** | § | |
| **TOM ARENAS,** | § | |
| | § | |
| **Defendants**. | § | |

## ORDER

On this day, the Court considered Defendants' Motion to Dismiss for Plaintiff's Failure to State a Claim Against Tom Arenas, Individually ("Motion to Dismiss"), ECF No. 3, Defendants' Motion for a More Definite Statement ("Motion for a More Definite Statement"), ECF No. 4, and Plaintiff's Response in Opposition to Defendants' Motion to Dismiss for Plaintiff's Failure to State a Claim Against Tom Arenas, Individually; and Alternative Motion for Leave to Amend Complaint, Subject to Plaintiff's Forthcoming Motion to Remand ("Motion for Leave to Amend"), ECF No. 8.[1] For the reasons set forth herein, the Motion to Dismiss is **GRANTED**, the Motion for a More Definite Statement is **DENIED** as moot, and the Motion for Leave to Amend is **GRANTED** in part and **DENIED** in part.

## I.     BACKGROUND

On February 27, 2013, Karina Torres ("Plaintiff") filed an Original Petition against Hobby Lobby Stores, Inc. ("Hobby Lobby") and Tom Arenas ("Arenas") (collectively

---

[1] In a previous Order, the Court denied Plaintiff's Motion to Remand. *See* ECF No. 20.

"Defendants") in County Court No. 6 of El Paso County, Texas (the "State Court") in the above-captioned case (the "Case"). Def's Notice of Removal 1, ECF No. 1; Orig. Pet. 6-9, ECF No. 1.[2] Plaintiff subsequently filed a First Amended Petition ("Amended Petition") on June 3, 2013, which remains the live pleading in the Case. Am. Pet. 65-70, ECF No. 1.

Plaintiff alleges that she suffered personal injuries and related damages in a slip-and-fall at a Hobby Lobby store (the "Store") in El Paso, Texas at which Arenas was the manager. Notice of Removal 1-2; Am. Pet. 65. Plaintiff alleges that, as she entered the Store's women's restroom, she "slipped on water on the floor" which was "coming from an overflowing toilet within the women's restroom," causing her "substantial physical injuries." Am. Pet. 65.[3] Plaintiff claims that Defendants are liable to her for her injuries and other damages under theories of premises liability and negligence. Am Pet. 65-68. Plaintiff further claims that she is entitled to punitive damages due to Defendants' gross negligence. Am. Pet. 68-69. Each Defendant answered individually and filed special exceptions on April 2, 2013. Orig. Ans. of Hobby Lobby Stores, Inc. 15-22, ECF No. 1; Orig. Ans. of Tom Arenas, 23-32, ECF No. 1.

Defendants removed the Case to this Court on June 5, 2013, and on the same day filed the instant Motion to Dismiss and Motion for a More Definite Statement. Defendants seek dismissal of all the claims against Arenas for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss 1. On June 11, 2013, Defendants filed an Amended Notice of Removal, ECF No. 5. Plaintiff has filed a

---

[2] Defendants attached the filings from the State Court action as a single exhibit to their electronically filed Notice of Removal, ECF No. 1. The Court cites each document therein by its title, e.g., "Petition," and each page therein by the number superimposed upon it by the ECF system.

[3] Plaintiff's allegations in the Amended Petition are inconsistent as to whether the water came from one or several toilets, and whether those toilet(s) were leaking or overflowing. *Compare* Am. Pet. 65 ("the water . . . was coming from an overflowing toilet . . . . Defendants had actual and/or constructive notice of the overflowing toilet) *with* Am. Pet. 67 (charging Defendants with "[f]ailing to warn of the overflowing toilets" and "[f]ailing to adequately repair the toilets.") *and* Am. Pet. 67 ("Defendant Tom Arenas had actual knowledge of the leaking toilets."). To avoid confusion, the Court assumes without deciding that one toilet was leaking.

Response in opposition to the Motion for a More Definite Statement, ECF No. 6, to which Defendants have filed a Reply, ECF No. 7. Plaintiff has filed a Response to the Motion to Dismiss ("Response"), ECF No. 8, to which Defendants have filed a Reply ("Reply"), ECF No. 9.

## II.   DISCUSSION

### A.   Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a light most favorable to the plaintiff.  *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Still, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011).

Though a complaint need not contain "detailed" factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  *Twombly*, 550 U.S. at 555 (internal citation omitted).  Thus, to survive a motion to dismiss, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face."  *Id.* at 570; *Colony Ins.*, 647 F.3d at 252.  Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy

judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### B.    Analysis

Defendants argue that all of Plaintiff's claims against Arenas should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Because this is a diversity case, the Court applies state substantive law. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). The parties do not dispute that Texas law applies. *See* Mot. to Dismiss 2-8; Response 8-15.

Plaintiff alleges that Defendants are liable to her under theories of premises liability and negligent activity. Am Pet. 2-4. The Texas Supreme Court has explained that negligent activity and premises liability are distinct theories of recovery. "We have recognized that negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). A litigant may plead causes of action for both negligent activity and premises liability in regards to a single incident. *See id.* at 778-79; *Mangham v. YMCA of Austin, Tex.-Hays Cmtys.*, 408 S.W.3d 923, 929 (Tex. App. 2013). The Court therefore considers Plaintiff's premises liability and negligent activity claims separately.

### 1.    Premises liability

"Premises liability is a special form of negligence in which the duty owed to the plaintiff depends on the plaintiff's status on the premises at the time the incident occurs." *Sedita v. Royal*

*Sweeping and Paving, LLC*, No. 01-12-00702-CV, 2013 WL 3467201, at *5 (Tex. App. July 9,

2013) (citing *Scott & White Mem'l Hosp. v. Fair*, 310 S.W.3d 411, 412 (Tex. 2010)). A plaintiff

is usually classified as an invitee, licensee, or trespasser. *Id.* (citing *Mellon Mortg. Co. v. Holder*,

5 S.W.3d 654, 655 (Tex. 1999)). An invitee is one who "one who enters on another's land with

the owner's knowledge and for the mutual benefit of both." *Rosas v. Buddie's Food Store*, 518

S.W. 2d 534, 536 (Tex. 1975). One who enters a store to do business is an invitee. *See, e.g.,*

*Lechuga v. S. Pac. Trans. Corp.*, 949 F.2d 790, 795 (5th Cir. 1992). Plaintiff does not explicitly

allege that she entered the store to do business; she alleges only that "[she] was inside HOBBY

LOBBY's premises when [she] needed to use the restroom." Am. Pet 65. However, as both

parties cite cases concerning a landowner's duty to invitees, and Defendants do not argue that

Plaintiff was anything but an invitee, the Court concludes for the purposes of the Motion to

Dismiss that Plaintiff was an invitee.

> To recover damages in a premises liability case, an invitee must prove:
>
> (1) Actual or constructive knowledge of some condition on the premises by the owner/operator;
>
> (2) That the condition posed an unreasonable risk of harm;
>
> (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
>
> (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex 1998).

Defendants concede that Hobby Lobby "had a legal duty to maintain the premises" and

that it "does not deny its duties under traditional Texas premises liability law." Reply i.

However, the parties dispute two points upon which Plaintiff's premises liability claim against

Arenas turns: whether Arenas owed Plaintiff an independent duty of care; and whether Arenas was in control of the premises. As the Court will explain, because Plaintiff fails to adequately plead either that Arenas had an independent duty to her or that he controlled the premises, her premises liability claim against Arenas must be dismissed.

a.      **Independent duty**

Even if Plaintiff pleads and proves that Arenas was negligent, Arenas will not necessarily be individually liable to her. "[A] negligence finding against an individual does not automatically result in individual liability when the individual was acting as the agent or employee of a corporation." *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005). "Individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Id.* (quoting *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996)). Plaintiff alleges that Arenas was "an employee of Defendant HOBBY LOBBY." Am. Pet. 65. Therefore, unless Plaintiff has adequately pleaded that Arenas had an independent duty to her, Plaintiff's premises liability claim against Arenas must be dismissed.[4]

---

[4] Plaintiff makes some allegations against Defendants collectively and others against Arenas individually. *See* Am. Pet. 65-69. Only the allegations against Arenas individually are relevant to the question of whether Arenas had an individual duty to Plaintiff. Those allegations read as follows:

> More, Defendant TOM ARENAS is also individually liable and was negligent by breaching his duty to Plaintiff in one or more of the following ways:

1.  Defendant TOM ARENAS had sole authority to deal with repair and maintenance of the plumbing, including the restrooms, within the store, however, he failed to act reasonable in ensuring their repair and maintenance prior to the incident which injured Plaintiff.

2.  Defendant TOM ARENAS was ultimately responsible per store regulations, policies, and procedures for training employees as to the proper procedures and methods for dealing with a dangerous condition on the store floor, such as water. Defendant TOM ARENAS failed to do so.

3.  Defendant TOM ARENAS was ultimately responsible per store regulations, policies, and procedures to properly inspect the premises, including the restroom, however he failed to do so.

4.  Defendant TOM ARENAS was ultimately responsible per store regulations, policies, and procedures for providing safety rules to employees of Defendant HOBBY LOBBY that were specific to dealing with water on the floor such as in this case, but he failed to do so.

6

Defendants argue that Plaintiff has pleaded no facts tending to establish that Arenas owed her a duty of care independent of the Store's duty of care. Mot. to Dismiss 5-6. Numerous analogous slip-and-fall cases hold that store managers do not have an independent duty to customers solely by virtue of their managerial position such as to make them liable in premises liability. *See, e.g.*, *Gonzalez v. Wal-Mart Stores*, No. SA-10-CV-120-XR, 2010 WL 1417748, at *2 (W.D. Tex. Mar. 31, 2010) ( "[A]s a[n] . . . employee, [the store manager] did not owe a customer . . . a duty of reasonable care independent from the duty [the store] owed . . . . because the actions [the manager] allegedly took were in the course and scope of his employment."); *Ruelas v. Wal-Mart*, No. 4:12-CV-729, 2013 WL 949344, at *5 (E.D. Tex. Jan. 30, 2013) (holding that conclusory allegations against department manager that were essentially identical to allegations against store did not suggest that department manager owed plaintiff an independent duty); *Palmer v. Wal-Mart Stores, Inc.*, 65 F. Supp. 2d 564, 567 (S.D. Tex. 1999) (holding that joinder of store manager was improper when plaintiff alleged only that manager was liable for "some action plainly committed within the course and scope of his employment").

Plaintiff argues in her Response that she has "pled a claim of independent negligence and a breach of an independent duty to Plaintiff." Resp. 14. Plaintiff cites, but does not otherwise discuss, the entirety of her allegations regarding Arenas individually, i.e., that he failed to ensure that the restrooms were properly maintained, that he failed to properly train store employees and inform them of relevant safety rules, that he failed to inspect the premises, and that he had actual knowledge of the leaking toilets but failed to act to prevent customers from slipping on the

---

5. Defendant TOM ARENAS had actual knowledge of the leaking toilets but failed to act reasonably in preventing customers from slipping on such water.

6. Other negligence.

Am. Pet. 67.

pooled water. *See* Am. Pet. 65. However, Plaintiff fails to explain why these alleged breaches of duty were Arenas's individual duties rather than corporate duties.

"[I]t is insufficient for [plaintiff] to summarily allege that [the store manager] owes an independent duty – she must establish what that duty is and how it is independent from the duty owed by [the store]." *Borg v. Old Navy, LLC*, No. SA-13-CV-680-XR, 2013 WL 4677685, at *3 (W.D. Tex. Aug. 29, 2013). Indeed, United States District Courts in Texas have consistently held that allegations like Plaintiff's do not adequately allege an independent duty. *See, e.g., Solis*, 617 F. Supp. 2d at 478, 481 (holding that slip-and-fall plaintiff had no possibility of recovery from employee whom she alleged was liable due to his "management, supervision, and care of the Wal-Mart premises."); *McKinney v. Home Depot USA, Inc.*, No. 4:06-CV-327, 2006 WL 2947324, at *3 (N.D. Tex. Oct. 13, 2006) ("conclusory" allegations that manager negligently trained employees to safely position boxes and failed to monitor employees "do not suggest that [the manager] owed an independent duty of any kind to plaintiff."). Plaintiff's similar allegations likewise fail to establish that Arenas owed her a duty of care independent of the Store's duty of care.

Plaintiff additionally cites *Valdes v. Wal-Mart Stores, Inc*., Nos. 97-20179, 97-20610, 1998 WL 648571 (5th Cir. Sept. 4, 1998) (unpublished) for the proposition that "store managers could be liable for injuries to customers under Texas law based on their ***failure to exercise due care over areas under their control.***" Resp. 14-15. Plaintiff's reliance on *Valdes* is misplaced. When the Fifth Circuit decided *Valdes* in 1998, the law was unsettled concerning whether a store manager had a duty to maintain the premises in a condition that would not pose an unreasonable risk of harm to business invitees. *See Valdes*, 1998 WL 648571, at *4-5. The *Valdes* court

discussed at length whether a 1952 case holding that store managers have such a duty had any ongoing vitality. *Id.* (discussing *S.H. Kress & Co. v. Selph*, 250 S.W.2d 883 (Tex. App. 1952)). The *Valdes* court noted that the Texas Supreme Court's holding in *Leitch*, 935 S.W.2d at 117, that "[i]ndividual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty," might well undermine *Selph*. *Valdes*, 1998 WL 648571, at *5. However, because *Leitch* was not a premises liability case, and because a single Texas appellate court relied on *Selph* in 1996, the court could not "say with full confidence that [*Leitch*] will be applied outside the employer-employee context." *Id.* The Fifth Circuit therefore held that an allegation "that [the store manager], by virtue of his position as store manager, had a duty to maintain the premises in a condition that would not pose an unreasonable risk of harm to business invitees is sufficient to demonstrate a reasonable possibility that a Texas court would recognize this duty." *Id.*

In the intervening years since *Valdes* was decided, the Texas Supreme Court has clarified that the *Leitch* rule applies equally in premises liability cases. *See Tri,* 162 S.W.3d at 562 (holding in a premises liability case that "[i]ndividual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty.") (citing *Leitch*, 935 S.W.2d at 117). In light of this clarification of Texas law, United States District Courts in Texas have accordingly not relied on *Valdes*. *See, e.g.*, *Ruelas v. Walmart*, No. 4:12-CV-729, 2013 WL 949344, at *5 (E.D. Tex. Jan. 30, 2013) ("Any ambiguity . . . was resolved in *Tri* . . . an employee may not be held individually liable unless he breaches an independent duty of care he owed to the injured party that is separate from the duty owed by the employer."); *Solis v. Wal-Mart*, 617 F. Supp. 2d 476, 481 (S.D. Tex. 2008) ("After *Tri,* there

is no reasonable possibility that a plaintiff can bring a claim under Texas law against a store manager for duties performed within the scope of the employee's duties."). The Court therefore likewise declines to rely on *Valdes*.

Plaintiff also correctly notes that "Texas courts . . . have held a person with supervisory responsibility . . . may be individually liable for negligent acts or omissions when the individual ***creates, directs, or participates*** in the tortious conduct," and cites several cases that support that general proposition. Resp. 11-12. The text Plaintiff emphasizes is, of course, crucial, yet none of Plaintiff's allegations against Arenas indicate that Arenas himself was in any way involved with the tortious conduct – e.g., by causing the toilet to leak or Plaintiff to slip – or that he caused the Store's employees to engage in the tortious conduct. Plaintiff does not argue why this principle might be applicable to the Case, but simply asserts elsewhere in her Response that "Arenas, through his actions and omissions above, ***created, directed, and/or participated*** in the tortious conduct." Resp. 17. The Court disagrees. As Plaintiff alleges only nonfeasance by Arenas, she has not adequately pleaded that he created, directed, or participated in the tortious conduct. *See, e.g.*, *Gonzalez v. Wal-Mart*, 2010 WL 1417748, at *3.

In sum, Plaintiff has pleaded no facts indicating that Arenas had any independent duty to her such as to create individual liability, and she cites no currently applicable case law indicating that a store manager acting within the scope of his employment has such a duty. The Court accordingly finds that Plaintiff has not adequately pleaded that Arenas owed her an independent duty of care, and that Plaintiff has therefore failed to state a claim against Arenas in premises liability on that basis.

10

### b.      Control of the premises

In her Response, Plaintiff advances an alternative theory under which Arenas could be individually liable to her in premises liability: she claims that Arenas controlled the premises. *See* Resp. 8-10.

"Ordinarily a person who does not own the real property must assume control over and responsibility for the premises before there will be liability for a dangerous condition existing on the real property. It is possession and control which generally must be shown as a prerequisite to liability." *City of Denton v. Page*, 701 S.W.2d 831, 835 (Tex. 1986); *accord Guereque v. Thompson*, 953 S.W.2d 458, 466 (Tex. App. 1997). Plaintiff notes that "a number of cases state that the possessor and controller of a premises can be held liable for premises liability," and claims she pled that Arenas had "possession and control of the premises.[5] Resp. 9. Plaintiff asserts that she therefore has "pled a premises liability claim against Defendant Arenas on the basis that he ***controlled*** the premises." *Id*. Defendants did not respond to Plaintiff's argument that Arenas controlled the premises.[6]

Plaintiff's argument is misguided. Plaintiff cites no authority, nor is the Court aware of any authority, indicating that an employee of a corporation can be said to "control" corporate-owned premises. Though Plaintiff cites cases expressing the general principle that an entity

---

[5] In fact, Plaintiff did not allege that Arenas himself had "possession and control of the premises," rather, that "Defendants had possession and control of the premises." Am. Pet. 65. This distinction is of no moment, because, as the Court will explain, even had that conclusory allegation concerned only Arenas, Plaintiff did not adequately plead that he controlled the premises.

[6] Defendants do state that although Arenas was delivered the suit papers at the Store, his verified answer and affidavit established that he did not reside there. Mot. to Dismiss 5. Plaintiff argues that the Court should not take account of Arenas's verified answer and affidavit in deciding the Motion to Dismiss. Response 8 n.2, 10. Though Plaintiff's argument may be correct, it is not clear why Plaintiff makes it. Defendants invoke the affidavit only to demonstrate that Arenas does not reside at the Store, and hence was not its "owner or occupier." Mot. to Dismiss 5. As Plaintiff does not argue that Arenas owned or occupied the Store, Plaintiff's point is moot.

which does not own a premises may be liable for events thereon if it controlled the premises, those cases did not concern individual employees or feature facts otherwise analogous to the Case. *See* Response 9-10; *City of Denton*, 701 S.W.2d at 835 (discussing duty of city fire marshal who inspected premises after arson to subsequent invitees); *Clayton W. Williams, Jr. Inc. v. Olivo*, 952 S.W.2d 523, 528-28 (Tex. 1997) (discussing duty owed by entity which occupied land and hired independent contractor to independent contractor's employee); *Redinger v. Living, Inc.*, 689 S.W.2d 415, 417 (Tex. 1985) (discussing general contractor's duty to subcontractor's employee); *Mayer v. Willowbrook Plaza*, 278 S.W.3d 901, 913-16, 922 (Tex. App. 2009) (discussing duty of business entities to parties that were not invitees); *Requena v. Otis Elevator* Co., 305 S.W.3d 156, 163 (Tex. App. 2009) (discussing elevator maintenance contractor's duty to invitees in elevator). Simply put, Plaintiff cites no law tending to indicate that the manager of a retail store can be held to "control" the premises, and the Court can find no such cases either.

Further undercutting Plaintiff's argument that Arenas "controlled" the premises is the "independent duty" analysis that courts take when evaluating premises liability claims against store employees, as discussed above.  In those cases, the court did not consider whether the store manager was in control of the premises, and instead evaluated only whether the manager had an independent duty to invitees. *See, e.g.*, *Gonzalez v. Wal-Mart*, 2010 WL 1417748, at *2-3; *Ruelas*, 2013 WL 949344, at *4-5; *Solis*, 617 F. Supp 2d at 479-481; *Borg*, 2013 WL 4677685, at *2; *McKinney*, 2006 WL 2947324, at *2-3. If store managers necessarily or potentially control the premises such as to be individually liable to invitees, either the independent duty analysis would be unnecessary, or the courts that found there to be no independent duty in particular

cases would have separately analyzed whether the manager controlled the premises. The fact that none of those courts undertook such an analysis indicates to this Court that such an analysis was unnecessary because a store manager cannot under normal circumstances be said to "control the premises."

Finally, assuming *arguendo* that a store manager can control the premises, Plaintiff has not pleaded facts sufficient to allege that Arenas controlled the premises at the Store. All of Plaintiff's allegations as to Arenas individually concern duties arising in the course and scope of his employment, i.e., that he had "sole authority to deal with repair and maintenance of the plumbing" and that he had certain responsibilities "per store regulations." Am. Pet. 67. If anything, these allegations underscore Arenas's status as a mere employee. None of Plaintiff's allegations imply that Arenas had the sort of autonomy or decision-making power in the Store that, for instance, a general contractor has over the work performed on a construction site or oil well-drilling operation. *See Redinger*, 689 S.W. 2d at 417-18; *Olivo*, 952 S.W.2d at 526-29.

Plaintiff has pleaded no facts indicating that Arenas legally controlled the premises and cited no law indicating that the manager of a retail store can be held to control the premises solely by virtue of his managerial duties. Plaintiff has therefore not made sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level" such as to maintain a premises liability cause of action against Arenas on the basis that he controlled the premises. *Twombly*, 550 U.S. at 555.

### 2.   Negligent activity

To recover damages on a negligent activity claim, the plaintiff must prove "that the defendant owed the plaintiff a duty of care, the defendant breached the applicable standard of

care, and the breach proximately caused damages." *Smith v. Moody Gardens, Inc.* 336 S.W. 3d 816, 821 n.2 (Tex. App. 2011). "Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W. 2d 262, 264 (Tex. 1992). "If the plaintiff was injured by a condition created by the activity rather than the activity itself, the plaintiff is limited to the premises liability theory of recovery." *Lucas v. Titus County Hosp. Dist.* 964 S.W.2d 144, 153 (Tex. App. 1998).

Defendants argue that Plaintiff's allegations support only a claim for premises liability, and not one for negligent activity. Reply 4.[7] A puddle of water on the floor, they argue, is indisputably a premises condition. *Id*. Numerous cases support this proposition. *See, e.g.*, *Keetch*, 845 S.W. 2d at 264 (holding that plaintiff, who slipped on a waxy substance sprayed on the floor by an employee, "may have been injured by a condition caused by the spraying but was not injured by the activity of spraying," was therefore entitled to submit to the jury only a premises liability theory); *White v. Wal-Mart Stores, Inc.*, No. H-11-2733, 2012 WL 401129, at *1-3 (S.D. Tex. Feb. 7, 2012) (dismissing negligent activity claim by plaintiff who slipped on fruit spilled on floor by employees because "Defendant's action must directly cause the injury at issue in order to maintain the distinction articulated by the Texas Supreme Court [between premises liability and negligent activity]."); *Tex. Dep't of Trans. v. Mackey*, 345 S.W. 3d 760, 766 (Tex. App. 2011) (citations omitted) (collecting cases holding that liquids on the ground were a premises condition, among them "[i]ce from a soft drink dispenser making a grocery store floor

---

[7] Defendants incorrectly state that "[s]ince *Keetch*, Texas courts have consistently found that a person claiming injuries on a premises can bring either a premises liability claim, or a negligent activity claim, but not both." Reply 4. Plaintiffs are free to plead both claims. *See, e.g.*, *Del Lago Partners* 307 S.W.3d at 778-79; *Mangham*, 408 S.W. 3d at 929; *Mayer*, 278 S.W.3d at 910.

slippery," "leaking water making a basketball court slippery," "grapes from a self-service grape bin falling on the floor and making a grocery store floor slippery," "misapplication of wax making a floor dangerously slick," and "soapy foam making a spa floor slippery.").

As with her response to Defendants' arguments regarding premises liability, Plaintiff asserts that she has pleaded a negligent activity claim against Arenas but otherwise provides no substantive support for her argument. She states that "a simple examination of Plaintiff's First Amended Petition shows otherwise. For example, Plaintiff pled in her First Amended Petition that: . . . .," upon which Plaintiff repeats the entirety of her allegations detailing Defendants' alleged negligence. Response 15-16. Plaintiff continues by stating that "these . . . allegations . . . give adequate notice to Defendants . . . of the basis of Plaintiff's negligent activity theory . . . . simply put, Defendant Arenas, through his actions and omissions above, created, directed, and/or participated in the tortious conduct which injured Plaintiff." Response 16-17.

Plaintiff's argument is unavailing. She makes no factual allegations that the cause of her injury was anything but leaking water, or any legal arguments indicating that leaking water is anything but a premises condition. As such, her negligent activity claim against Arenas consists of nothing more than "labels and conclusions," *Twombly*, 550 U.S. at 555, and it must be dismissed.

### C.    Leave to Amend

Plaintiff requests "an opportunity to replead her claims" if the "Court concludes that [her] claims are vulnerable to a Rule 12(b)(6) motion, and if the Court concludes that it should not remand the case." Response 18. As the Court has already denied Plaintiff's Motion to Remand,

*see* ECF No. 20, and now holds that all of Plaintiff's claims against Arenas must be dismissed, the Court considers her request for leave to amend.

Plaintiff may amend her pleading only with Defendants' consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "This standard evinces a bias in favor of granting leave to amend. The policy of the Federal Rules is to permit liberal amendment. Nevertheless, leave to amend can be properly denied where there is a valid justification." *Carroll v. Fort James Corp*., 470 F.3d 1171, 1175 (5th Cir. 2006) (quotation marks and citation omitted). One such valid justification is "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Defendants argue that leave to amend should be denied because "[i]t would be futile for the Plaintiff to further replead against Arenas, since no tortured construction of the alleged facts would give rise to a separate cause of action against Arenas." Reply 7.

The Court holds that leave to amend Plaintiff's negligent activity claim would be futile. The law is clear that leaking water or other slippery substances on a floor are "a condition created by the activity" rather than a "contemporaneous result of the activity itself," and that such conditions are therefore properly the subject only of a premises liability claim. *Keetch*, 845 S.W.2d at 264; *see also* § II(B)(2), *supra* (collecting cases holding likewise). As Plaintiff alleges that she was injured when she slipped on water on the floor, she cannot plausibly plead a negligent activity claim against Arenas.[8]

The Court holds that leave to amend Plaintiff's premises liability claim would not be futile. Though Plaintiff has already amended her pleading once and does not propose how she

---

[8] Though Defendants argue in their Reply that Plaintiff's "negligent activity claims in general" should be dismissed, Reply 9, the parties did not brief the adequacy of Plaintiff's pleadings in regards to the Store, and the Court's ruling does not extend to them. Plaintiff's negligent activity claim against the Store therefore remains intact.

might amend it again, it is not entirely implausible that Plaintiff might be able to state a claim against Arenas, whether by adequately alleging that he had an independent duty to her or otherwise. In light of the "bias in favor of granting leave to amend," *Carroll*, 470 F.3d at 1175, the Court grants Plaintiff leave to replead her premises liability claim against Arenas.

## III.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for Plaintiff's Failure to State a Claim Against Tom Arenas, Individually, ECF No. 3, is **GRANTED.**  Defendants' Motion for a More Definite Statement, ECF No. 4, is **DENIED** as moot. Plaintiff's Alternative Motion for Leave to Amend Complaint, ECF No. 8, is **DENIED** as to Plaintiff's negligent activity claim against Arenas, and **GRANTED** as to her premises liability claim against Arenas. The Court **ORDERS** Plaintiff to submit any amended pleadings by **December 9, 2013**.

**SO ORDERED.**

SIGNED this 22nd day of November, 2013.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE